UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM J. THUN, | ) |
| | ) |
|       Petitioner | ) |
| | ) |
| v. | )   Civil No. 07-139-P-S |
| | ) |
| MAINE CORRECTIONAL CENTER, | ) |
| SUPERINTENDENT, | ) |
| | ) |
|       Respondent | ) |

**RECOMMENDED DECISION ON
28 U.S.C. § 2254 PETITION**

William Thun has filed a 28 U.S.C. § 2254 petition in which he challenges his 2006 conviction for failing to appear after being admitted to post-conviction bail. Thun attaches a written narrative of his two trials for unlawful sexual contact, the second of which resulted in a guilty verdict which, in turn, inspired Thun to go to Canada and register with the Refugee Board, hoping for protection from authorities in the United States. Thun was jailed in Canada, an incarceration which prevented Thun from appearing in Maine to commence his jail term. Thun attaches a copy of his brief to the Maine Law Court in which he asserted a claim that his seeking of political asylum in Canada was a just excuse for his failure to appear because this type of asylum seeking is an un-enumerated right under the Ninth Amendment.

*Discussion*

This Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is

in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The Ninth Amendment provides: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. Const. amend. IX.

There is no question that Thun presented the federal constitutional issue to the state courts for their decision.  See Goodrich v. Hall, 448 F.3d 45, 47-48 (1st Cir. 2006) (citing 28 U.S.C. § 2254(b),(c) and Picard v. Connor, 404 U.S. 270, 275 (1971)).  In his appellate brief he prominently relied on the Ninth Amendment -- with an assist by the Tenth -- as the source of his challenge.  (Docket No. 1-4 at 7-8.)  After rehearsing some of the history of the drafting of the constitution, Thun argued:

> Having enumerated the first 8 amendments, the Framers realized they could not possibly list all the rights secured by the People of the States.  Thus, the 9th and the 10th amendments to the Constitution were inserted just in case the literals of any time frame sought to limit the intent of the Constitution (e.g., to protect and enforce the rights of the people- enumerated or unenumerated).  See, Randy E. Barnett, The Rights Retained by the People, The History and Meaning of the Ninth Amendment, volumes I and II.  See specifically, Randy E. Barnett, The Ninth Amendment and Constitutional Legitimacy (copy attached hereto in the Appendix).
> Exactly what "rights" do we have beyond those enumerated in the Constitution did not become a hot topic until recently.  The first "real" reference to the 9th Amendment came in Griswold v. Connecticut, 382 US. 479, 491 (1965).  Thereafter, Federal Courts have spora[d]ically used the 9th Amendment to recognize unenumerated rights protected by the Constitution.  Please see page 409 of the attached article by Randy Barnett for such cases.  These cases make clear that rights not written in the Constitution exist nonetheless and are protected.
>     Q.    Who recognizes such enumerated rights?
>     A.    The Courts.
> The Courts have been tasked to interpret the Constitution.  Interpretation means recognizing rights not written.  Here, that is what Mr. Thun asks this Court to do.  <u>There were no reported cases recognizing the right he claims, so you are in uncharted territory.  But, just because some other Court, Judge, or legal source has not here[]to[]before recognized a specific right, that doesn't mean you can't!!!!</u>

(Id. at 9-10)(emphasis added).

Rebuffing Thun's direct appeal, the Maine Supreme Court issued the following memorandum of decision:

> William J. Thun appeals from a judgment of conviction for failure to appear (Class C), 15 M.R.S. § 1901(1)(B) (2006), entered in the Superior Court (Hancock County, *Hjelm, J.*) following a jury-waived trial. Contrary to Thun's contentions, the court did not err in implicitly concluding that Thun's application for asylum is not an unenumerated right protected by the Ninth Amendment to the United States Constitution establishing the affirmative defense of just cause for his failure to appear. *See* 15 M.R.S. § 1091(2)(2006); *see also State v. Cannell*, 2007 ME 30, ¶ 6, 916 A.2d 231, 233. In addition, because Thun initiated the process by which he was detained in Canada, and had the power to terminate that proceeding, the record does not otherwise compel a conclusion that Thun proved by a preponderance of the evidence just cause for his failure to appear. *See State v. Pulsifer*, 1999 ME 24, ¶ 14, 24 A.2d 1234, 1238.

(State Court Record Part B.)

As the emphasized portion of Thun's own appellate brief recognizes, there is no precedent for his theory that he had a Ninth Amendment right to seek asylum and that that would be a defense that must be recognized by the state courts apropos his failure-to-appear prosecution.

As directed by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1219:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

3

28 U.S.C. § 2254(d)(1). In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), the United States Supreme Court provided that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." <u>Id.</u>, at 412.

The United States Supreme Court's <u>Carey v. Musladin</u>, __ U.S. __, 127 S.Ct. 649 (Dec. 11, 2006) is the new gold standard for making the 28 U.S.C. § 2254(d)(1) "clearly established" determination. The § 2254 challenge in <u>Musladin</u>, brought by a defendant convicted of murder, was to the wearing of buttons by courtroom spectators – members of the victim's family – with images of the victim on them. The Ninth Circuit had applied <u>Estelle v. Williams</u>, 425 U.S. 501 (1976), a case challenging the accused being compelled to wear prison clothes at his jury trial, and <u>Holbrook v. Flynn</u>, 475 U.S. 560 (1986), a case challenging the presence of uniformed state troopers in the front row of the defendant's trial, to arrive at the conclusion that § 2254 relief was appropriate.[1] The Supreme Court <u>Musladin</u> majority, emphasizing that <u>Williams</u> and <u>Flynn</u> addressed "government-sponsored practices," 127 S. Ct. at 653, held:

> Given the lack of holdings from this Court regarding the potentially prejudicial effect of spectators' courtroom conduct of the kind involved here, it cannot be said that the state court "unreasonabl[y] appli[ed] clearly established Federal law." § 2254(d)(1). No holding of this Court required the California Court of Appeal to apply the test of <u>Williams</u> and <u>Flynn</u> to the spectators' conduct here. Therefore, the state court's decision was not contrary to or an unreasonable application of clearly established federal law.

<u>Id.</u> at 654.

In the case at hand -- where there is no supporting Supreme Court precedent cited to by the § 2254 petitioner or identifiable by this court (or the State) to support Thun's

---

[1] The Ninth Circuit also relied on some of its own cases in arriving at its "clearly established" determination.

4

Ninth Amendment theory, I am confident that not even the concurring Musladin justices who were skeptical of the majority's narrow construction of § 2254(d)(1), see id. at 654-56 (Stevens, J., concurring in judgment); id. at 656 -57 (Kennedy, J., concurring in judgment); id. at 657-58 (Souter, J., concurring in judgment), would balk in concluding that Thun has not met the § 2254(d)(1) standard for entitlement to federal habeas relief from the Maine Supreme Court's denial of his Ninth Amendment claim. See cf. Locke v. Cattell, 476 F.3d 46, 53 (1st Cir. 2007) ("[N]o Supreme Court case supports Locke's contention that admission to a crime transforms an interview by the police into a custodial interrogation. Therefore, there is no clearly established federal law on which to base a finding of unreasonableness.") (citing Musladin); compare Van Patten v. Endicott, 489 F.3d 827, 828 (7th Cir. 2007) ("Unlike Musladin, this case does not concern an open constitutional question. The Supreme Court has long recognized a defendant's right to relief if his defense counsel was actually or constructively absent at a critical stage of the proceedings.").

To the extent that Thun seeks to bring any other constitutional challenge to his 2006 non-appearance conviction, Thun may not bring habeas claims to the federal court unless he has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The only constitutional claim that he has exhausted is the Ninth Amendment claim discussed above.[2]

Finally, in his written attachment to his form petition (Docket No. 1-3) Thun does describe complaints he has with the legitimacy of his underlying unlawful sexual contact conviction. He also indicates that he has a pending petition for state post-conviction

---

[2] In his appellate brief Thun interjected a "second point" that seemed to be seeking relief on a non-constitutional "just cause" argument. (Docket No. 1-4 at 11.) The Maine Supreme Court appears to have rejected this in its final sentence of its memorandum of decision set forth above.

review as to that conviction. Thun's current 28 U.S.C. § 2254 form-petition clearly indicates that he is attacking the 2006 failure to appear conviction. (Docket No. 1 at 1.) Accordingly, nothing in this decision can be construed as addressing the validity of Thun's conviction for unlawful sexual contact.

### *Conclusion*

For these reasons, I recommend that the Court **DENY** Thun's 28 U.S.C. § 2254 petition.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated September 13, 2007.